Good morning, Your Honors. Good morning. I plead with the Court, Michael Self, SELPH, on behalf of Sarah Reyes, Sarah Diaz Reyes, the appellant in this matter. Your Honors, Mr. Reyes never received any notification of any upcoming immigration hearing in this case. She's been in the country since 1988. She has U.S. citizen children. She went to this notary, someone who does immigration services, who had a business in Burbank. That business address was, I'm sorry, just one moment, 1317 North San Fernando Blvd., if I'm not mistaken. How do we know that's true? I'm sorry. How do we know that's true? Your Honor, this is the address. The only thing sworn here is that that's listed as her residence. How do we know that it's not her residence? Well, Your Honor, the only way I have of proving that to you is I went online and ran the address. There are numerous other businesses at that address. It is a building in Burbank. What evidence do we have that that's true? Was any evidence put before the IJ or the BIA? Indicating that that was not her? How about an affidavit from her? Your Honor, I did not do her motion to reopen. Excuse me? I was not involved in her case at the time that they did a motion to reopen. That's fine. That's fine. And I am not exactly certain of the details of why an affidavit from her was not presented asserting the facts in this case. Well, regardless of the reason, it leaves us with a record containing no sworn facts from which to draw the conclusions that you're asking us to draw. Are we limited to what is in the record? Understanding that, Your Honors. And the regulations, the regulations and the cases say you've got to present affidavits when you want to reopen. You've got to present evidence. You've got to present something that's admissible. And there's nothing in this record, just talk from lawyers. Why isn't that the end of this? How can we say that the IJ or the BIA erred in making their decision on the basis of the evidence before them? Well, Your Honor, simply because she never received notice. The notice went to a business adviser. I understand. That's what you said. How do we know that? I would think that, well, I would put forth that it's judicially noticeable, the fact that this address is a business address and not a residential address. Well, it's the address she swore to as being her residence, and how do we know that he didn't pass it on to her? Your Honor, she swore to this in what sense? In the sense that she filed the document to which she swore, asking for relief and saying on it, my residence is 1317 North San Fernando. So we have her sworn statement that that's her residence. I don't care what's around it. We have her sworn statement that's her residence. Your Honor, you're referring to an I-589 that was filed by the notario on her behalf. But she signed it. Yeah. But she signed it. She signed it prior to the time that it was filled out. How do we know that? Again, Your Honor, I wasn't involved in the submission of the motion to reopen. And I have no way of knowing. How do you know that? I have no knowledge of why there was no affidavit submitted. Put it a different way. How do you know that? How do you know that? How do I know that that's not her address? Sure. Because it's a business address, Your Honor. How do you know she didn't happen to be staying at that address? Because it is an office that is not someplace where someone can stay with children. You've been inside and looked at it? I have driven by it, Your Honor. Okay. And how do you know that the notario didn't pass on that notice as soon as he got it? There's no evidence of that, Your Honor. And the notario is nowhere to be found. What? Yes. And she's nowhere to be found? She's not nowhere to be found, Your Honor. But the notario, evidently, it's very difficult for me, Your Honor. I understand perfectly that this person is your client, and you take what she says or what you think is true on faith. But that's not evidence, is it? Yes, Your Honor. Not simply on faith. It's also based in experience that these notarios, these people that prey on these immigrants, they ask them for thousands of dollars. They get them to sign a document. They don't really explain what it is. They promise them a work authorization. Where is that in this record? The document turns out to be. Where is that in the record? Where is the evidence of that in the record? Your Honor, I'm speaking from experience. Excuse me? I'm speaking from experience as to why I would believe. You questioned why I would believe my client. But you didn't appear as an expert and put that evidence on in front of the BIA or the IJ, right? No, Your Honor, I did not. But this is a common practice of notarios. You know, this is a sad case, but we have to look at the record and what was before the BIA. Well, we have a what is before the BIA is the evidence of the return mailing receipt that was signed by someone other than the appellant here. She did not receive that notice. She did not sign for it. Someone in the office of the notario did sign for it. Her actual signature is on file. It's in the I-589 that's been referred to. That is part of the record. A comparison of the two signatures would have indicated to the judge that she was not the person that signed for it. Why does that matter? Well, it matters. If my husband signs for something at my house, it isn't my signature, but it doesn't mean I didn't get it. Well, it matters in that she never received any notice of the hearing. Well, but it doesn't prove that she didn't. Just because someone else signed the return receipt is not proof that she didn't receive that notice from whoever signed for it. Well, she is asserting that she did not receive the notice. The judge did not deny her motion to reopen based on the fact that there was no affidavit in the motion attached to the motion. He did. The judge said there's not even an affidavit. Right. To be specific, he said you don't even have an affidavit. Your Honor, but he specifically, what he specifically said is that I'm not going to grant this on mere words. Yes. But the mere words are her mere words. No, there was no affidavit. He said that specifically. He said you haven't submitted an affidavit, much less any other proof, beyond mere words. Well, Counsel, trust me, that's what he said. Okay. Your Honor, no, I remember that that's what he said. Did you wish to save a little bit of time for rebuttal because you're down to one minute? Yes, please. Thank you. Good morning. May it please the Court, my name is Marion Guyton. I'm with the U.S. Department of Justice. I'm representing the respondent, the Attorney General, in this matter. The government agrees with Judge Fletcher that this is a sad case with confusing facts, but the confusion was caused by the actions of the alien petitioner here, Ms. Diaz-Reyes, who went to a notario who presented an I-589, the asylum, application for asylum, on her behalf. Now, the immigration judge, in reviewing the evidence, has to go based on what he has before him, and what he had before him was an application which indicated a signature by the alien petitioner, Ms. Diaz-Reyes. The immigration judge would have no other basis, in fact, other than assuming that she signed it after seeing it. Now, Counsel for Ms. Diaz-Reyes says that she signed it beforehand, but the immigration judge has no way of knowing that, or with no evidence in the motions reopened. The fact is there's no evidence contrary to what the record shows here. That is correct. And the immigration judge has no other. And that's the end of it, isn't it? Yes. The immigration judge has no other recourse. And on motions reopened that are placed before the immigration judge, such motions are within the broad discretion of the immigration judge. And they can only be overturned by this Court if there is abuse of discretion by that immigration judge. And the government would argue that there is no abuse of discretion here. That's it. I think we understand your position. Thank you. Thank you. Mr. Self, did you wish to rebut? Your Honors, I only want to make one point. The law in this case is in re-G-Y-R. In re-I'm sorry? In re-G-Y-R. Which deals with service of notice and holds very simply that, and I quote, the notice requirement leading to an in absentia order cannot be satisfied by mailing the notice to appear to the last known address of the alien when the alien does not receive the mailing. There is no proof that the alien has received the mailing in the record. And it's our position, based on that, that she has not received notice, therefore is not properly served and should not be held to account for not appearing. Thank you, counsel. We appreciate the arguments of both parties. And the case just argued is submitted.
judges: B. Fletcher, Fernandez, Graber